B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | **VOLUNTARY PETITION** |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Garnet BioTherapeutics, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Neuronyx, Inc. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>23-3012266 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>55 Valley Stream Parkway, Suite 100<br>Malvern, PA<br>ZIP CODE 19355 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Chester | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other __Bio-Therapeutic Technology__

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☑ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Voluntary Petition  *(This page must be completed and filed in every case.)* | Name of Debtor(s):  Garnet BioTherapeutics, Inc. | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: District of Delaware | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____  Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Garnet BioTherapeutics, Inc. |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>Date |
| **Signature of Attorney\***<br>X */s/ William A. Hazeltine*<br>Signature of Attorney for Debtor(s)<br>William A. Hazeltine (No. 3294)<br>Printed Name of Attorney for Debtor(s)<br>Sullivan Hazeltine Allinson LLC<br>Firm Name<br>4 East 8th Street, Suite 400<br>Wilmington, DE 19801<br>Address<br>302-428-8191<br>Telephone Number<br>12/28/2010<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br>X _____<br><br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X */s/ Geraldine A. Henwood*<br>Signature of Authorized Individual<br>Geraldine A. Henwood<br>Printed Name of Authorized Individual<br>Interim CEO<br>Title of Authorized Individual<br>12/28/2010<br>Date 12/28/10 | |

# ACTION BY UNANIMOUS WRITTEN
## CONSENT BY THE BOARD OF DIRECTORS
## OF
## GARNET BIOTHERAPEUTICS, INC.

The undersigned, constituting all of the members of the Board of Directors of Garnet Biotherapeutics, Inc., a Delaware corporation (the "Company"), pursuant to Section 141(f) of the Delaware General Corporation Law and the Bylaws of the Company, hereby adopt the following resolutions by written consent, effective October 21, 2010:

WHEREAS, the Board of Directors (the "Board") of Garnet BioTherapeutics, Inc., a Delaware corporation (the "Company"), have reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, and credit market conditions; and

WHEREAS, the Board has had the opportunity, with the advice of the Company's management and restructuring professionals, to fully consider the strategic alternatives available to the Company and the potential impact of such alternatives on the Company's business:

NOW, THEREFORE, BE IT RESOLVED that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a voluntary petition (the "Petition") be filed by the Company under the provisions of Title 11 of the United States Code (the Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware;; and it is further;

RESOLVED, that the Company shall execute and file all petitions, schedules, lists and other paper or documents, and to take any and all action, that is reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief under the Bankruptcy Code; and it is further;

RESOLVED, that Geraldine Henwood, the Chief Executive Officer (the "Designated Officer") be, and hereby is, acting alone, authorized, directed and empowered, on behalf of and in the name of the Company, (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further;

RESOLVED, that the law firm of Sullivan Hazeltine Allinson LLC ("SHA-LLC") be, and hereby is, authorized and empowered to represent the Company as its general bankruptcy counsel, and to represent and assist the Company in carrying out its duties under Title 11 of the United States Code, and, at the direction of the Designated Officer, to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the bankruptcy case commenced by the Company; and in connection therewith, the Designated

1

Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of SHA-LLC; and it is further;

RESOLVED, that the Designated Officer be, and hereby is, authorized and directed to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under Title 11 of the Bankruptcy Code, and in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the bankruptcy case, and to cause be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Designated Officer be, and hereby is, authorized and empowered to obtain the use of cash collateral and/or debtor-in-possession financing according to the terms negotiated, or to be negotiated, by the Designated Officer, including under any agreement relating to the use of cash collateral and/or debtor-in-possession financing; and to enter into any guarantees and to pledge and grant liens of its assets as may be contemplated by or required under the terms of such cash collateral agreements and/or debtor-in-possession financing; and in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate cash collateral agreements and/or debtor-in-possession financing agreements and related ancillary documents; and it is further;

RESOLVED, that the Designated Officer be, and hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as the Designated Officer may deem necessary and (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificated, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Designated Officer shall approve, and the performance or execution thereof by such Designated Officer shall be conclusive evidence of the approval thereof by the Designated Officer and by the Company; and it is further;

RESOLEVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions previously performed by the Designated Officer, the Company's management, the Company's professionals, and/or the Board, in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the executions of these resolutions, are hereby in all respects confirmed, approved and ratified.

This written consent may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. This Action by Unanimous Written Consent shall be filed with the minutes of the proceedings of the of the Board of the Company

IN WITNESS WHEREOF, the undersigned have executed this Action by Unanimous Written Consent as of the date first written above.

BOARD OF DIRECTORS:

_____
Wayne B. Weisman, Chairman

_____
James P. O'Connell

_____
Gary Kurtzman

_____
Dennis Ferry

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GARNET BIOTHERAPEUTICS, INC., | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE TWENTY-SIX LARGEST UNSECURED CLAIMS AGAINST THE DEBTOR

The following is the consolidated list of creditors holding the twenty-six (26) largest unsecured claims against the above-captioned debtor and debtor in possession (the "Debtor" or "Garnet") (the "List of Creditors"). The List of Creditors reflects estimated amounts owed by the Debtor as of the Petition Date.

The List of Creditors has been prepared from the books and records of the Debtor as of December 28, 2010. The Debtor takes no position at this time regarding whether any of the parties included in the List of Creditors are "insiders" of the Debtor, as that term is defined in the Bankruptcy Code, and the inclusion or exclusion of any party on the List of Creditors shall not constitute an admission by, nor shall it be binding on, the Debtor in any respect. The Debtor expressly reserves the right to, in its sole discretion, challenge the validity, priority and/or amount of any obligation reflected herein.

| Name of creditor and complete mailing address, including zip code | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|
| SCP Vitalife Partners II, L.P.<br>1200 Liberty Ridge, Suite 300<br>Chesterbrook, PA 19087 | Unsecured Loan | | $330,319.00 |
| SCP Vitalife Ptnrs (Israel II) L.P<br>1200 Liberty Ridge, Suite 300<br>Chesterbrook, PA 19087 | Unsecured Loan | | $104,923.00 |
| Malvern Consulting Group, LLC<br>55 Valley Stream Pkwy, Suite 100<br>Malvern, PA 19355 | Professional Services | | $410,621.00 |
| Sterne, Kessler, Goldstein & Fox, P.L.L.C<br>P.O. Box 75580<br>Baltimore, MD 21275 | Professional Services | | $216,117.00 |
| Wuxi Apptec, Inc.<br>24681 Network Place<br>Chicago, IL 60673-1681 | Trade | | $129,882.00 |
| RC Company, Inc.<br>12 W. Central Ave.<br>Paoli, PA 19301 | Trade | | $120,212.00 |
| Alliance Technology Ventures III L.P.<br>1900 Main Street; Suite 750<br>Sarasota, FL 34236 | Unsecured Loan | | $103,723.00 |
| Morgan Lewis and Bockius, LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 | Professional Services | | $78,268.00 |
| Fisher BioServices, Inc.<br>14665 Rothgeb Drive<br>Rockville, MD 20850 | Trade | | $74,788.00 |

| Name of creditor and complete mailing address, including zip code | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|
| Liberty Property Trust LP<br>65 Valley Stream Pkwy; No. 100<br>Malvern, PA 19355 | Landlord | | $66,800.00 |
| Renen Precision Co.<br>14 Walter St.<br>Pearl River, NY 10965-1722 | Trade | Disputed | $66,725.00 |
| Kopen, Eugene<br>609 Argyle Road<br>Wynnewood, PA 19096 | Former Employee | | $45,000. |
| UniFirst Corporation<br>P.O. Box 911526<br>Dallas, TX 75391 | Trade | | $43,066.00 |
| KPMG LLP<br>Box # 890566<br>Dept. 0566<br>Dallas TX 75312-0566 | Professional Services | | $42,782.00 |
| Todd R. Johnson<br>Thornbrook Ave<br>Bryn Mawr, PA 19010 | Professional Services | | $41,204.00 |
| J.F. Sussman & Assocs LLC<br>771 N. Croskey Street<br>Philadelphia, PA 19130 | Professional Services | | $38,297.00 |
| Hyclone Laboratories, Inc.<br>13800 Collections Center Drive<br>Chicago, IL 60693 | Trade | | $36,049.00 |
| Righter, William<br>215 Baldwin Ave.<br>Ridley Park, PA 19078 | Former Employee | | $25,500.00 |
| Batra, Sanjay<br>147 Heather Drive<br>New Hope, PA 18938 | Former Employee | | $18,029.00 |

| Name of creditor and complete mailing address, including zip code | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|
| Microbiological Environments<br>177 N. Commerce Way<br>Bethlehem, PA 18017 | Trade | | $17,957.00 |
| Luke, Mary K.<br>222 Oxford Road<br>West Chester, PA 19380 | Former Employee | | $16,815.00 |
| HQC Incorporated<br>230 Kendall Point Drive<br>Oswego, IL 60543-8150 | Trade | | $16,170.00 |
| Safeguard Delaware, Inc.<br>Devon Park Drive<br>Wayne, PA 19087 | Trade | | $16,168.00 |
| Trident Engineering, Inc.<br>141 Friends Lane; Ste. 200<br>Newtown, PA 18940 | Trade | | $14,940.00 |
| Rees Scientific Corporation<br>1007 Whitehead Road Ext.<br>Trenton, NJ 08638 | Trade | | $14,521.00 |
| Compliance Technology Group, Inc.<br>505 S. Franklin Street<br>West Chester, PA 19382 | Trade | | $13,350.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GARNET BIOTHERAPEUTICS, INC., | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | |

## DECLARATION REGARDING CREDITORS
## HOLDING THE TWENTY-SIX LARGEST UNSECURED CLAIMS

I, Geraldine A. Henwood, am an authorized officer of Garnet BioTherapeutics, Inc., the debtor and debtor in possession in this chapter 11 case (the "Debtor"), and in such capacities am familiar with the financial affairs of the Debtor. I declare under penalty of perjury that I have read and reviewed the foregoing Consolidated List of Creditors Holding the Twenty-Six (26) Largest Unsecured Claims against the Debtor and that the information included therein is true and correct to the best of my knowledge, information and belief.

Dated: December 28, 2010

/s/ Geraldine A. Henwood
Name: Geraldine A. Henwood
Title: Interim Chief Executive Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| IN RE: | ) | Chapter 11 |
| --- | --- | --- |
| | ) | |
| GARNET BIOTHERAPEUTICS, INC., | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor, Garnet BioTherapeutics, Inc., submits the following information:

| Equity Holder | % Owned | Owner Information |
| --- | --- | --- |
| Safeguard Delaware, Inc. | 28.90% (Series AA Convertible) | Devon Park Drive Wayne, PA 19087 |
| SCP Vitalife Partners II L.P. | 27.10% (Series AA Convertible) | 1200 Liberty Ridge; Suite 300 Wayne, PA 19087 |
| SCP Vitalife Partners (Israel II) L.P. | 9.00% (Series AA Convertible) | 1200 Liberty Ridge; Suite 300 Wayne, PA 19087 |
| Alliance Technology Ventures III L.P. | 7.20% (Series AA Convertible) | 1900 Main St., Suite 750 Sarasota, FL 34236 |
| Alliance Technology Ventures III L.P. | 3.90% (Common Shares) | 1900 Main St., Suite 750 Sarasota, FL 34236 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GARNET BIOTHERAPEUTICS, INC., | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtor. | ) | |

## DECLARATION REGARDING CORPORATE OWNERSHIP STATEMENT

I, Geraldine A. Henwood, as Interim Chief Executive Officer of the debtor in this chapter 11 case, declare under penalty of perjury that I reviewed the attached List of Equity Security Holders and Corporate Ownership Statement and that it is true and correct as of December 28, 2010, to the best of my knowledge, information and belief.

Date: December 28, 2010

Signature: *Geraldine A. Henwood*
Geraldine A. Henwood
Interim Chief Executive Officer