IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GARNET BIOTHERAPEUTICS, INC., | ) | Case No. 10-14165 (___) |
| | ) | |
| Debtor. | ) | |

## DEBTOR'S MOTION FOR ORDER AUTHORIZING THE DEBTOR TO CONTINUE AND MAINTAIN CONSOLIDATED CASH MANAGEMENT SYSTEM AND EXISTING BANK ACCOUNTS AND (B) CONTINUE USE OF EXISTING BUSINESS FORMS

Garnet BioTherapeutics, Inc. (the "Debtor"), debtor and debtor-in-possession in the above captioned Chapter 11 case, hereby moves this Honorable Court (the "Motion"), pursuant to Sections 105(a), 345 and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for the entry of an order authorizing the Debtor to continue and maintain its existing cash management system and existing bank account and continue using its existing business forms. In support of the Motion, the Debtor relies on and incorporates by reference the Declaration of Geraldine A. Henwood in Support of First Day Pleadings (the "Henwood Declaration"), filed with Court concurrently herewith. In further support of this Motion, the Debtor, by and through its undersigned counsel, states the following:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On December 28, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is operating its business and managing its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Garnet is a clinical stage biopharmaceutical company that started in 2000.[1] The company has developed a cellular therapy with the potential to significantly improve upon the treatment of numerous diseases. This therapy, comprised of human adult bone marrow-derived somatic cells, is designed to supplement and stimulate the body's natural repair mechanism when it is overwhelmed by illness or injury. By promoting the repair and regeneration of damaged tissue, this investigational treatment may also have the potential to reverse the course of certain diseases, unlike existing therapies which may only slow or halt the progression of the disease.

4. As additional background and support for this Motion, the Debtor refers this Court to the Henwood Declaration, filed contemporaneously herewith and incorporated herein by reference.

## Relief Requested

5. The Debtor's cash management system (the "Cash Management System") consists of a single bank account with Silicon Valley Bank ("SVB") (the "Bank Account").

6. By this Motion, the Debtor seeks a waiver of the requirement that a new bank account be opened to replace the Bank Account because such a requirement would unnecessarily disrupt its business and would not provide any significant benefit to the Debtor's estate, its creditors or other parties in interest.

---

[1] The original name of the Debtor was Neuronyx, Inc. and it changed its name in 2008.

7. In addition, the Debtor requests authority to continue to use its existing checks and other business forms (the "Business Forms") during the pendency of this Chapter 11 case. The Debtor also seeks a waiver of the requirement that the legend "debtor-in-possession" be imprinted on any existing Business Forms and requests that its bank be permitted to honor pre-petition checks as they are presented to the extent authorized by other orders of this Court.

8. The Debtor will instruct its bank to add the designation "Debtor-in-Possession" or "DIP" to all Business Forms ordered during the pendency of this Chapter 11 Case, will treat the Bank Account for all purposes as an account of the Debtor as debtor-in-possession, and will maintain records that recognize the distinction between post-petition and pre-petition activities.

## Basis For Relief Requested

9. The Debtor respectfully submits that maintenance of its cash management system and Bank Account is necessary to preserve business continuity. The continued maintenance and use of the Bank Account will facilitate the Debtor's transition to post-petition operation.

10. The Debtor also seeks permission to continue the use of existing Business Forms. Replacement of the Business Forms would be substantially duplicative and place an unnecessary expense on the Debtor's estate. However, the Debtor proposes to designate its checks as checks of a "debtor-in-possession" after exhausting its existing supply.

11. Rule 2015-2(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides authority for a debtor to exhaust their existing supply of checks before adding a "DIP" designation. However, as Local Rule 2015-2(a) is silent as to the other business forms being used by the Debtor, the Debtor requests this relief herein to ensure that it may exhaust all of its existing Business Forms. The granting of the relief requested in this Motion will facilitate a

smooth and orderly transition of the Debtor into Chapter 11 and minimize the disruption of the business and the operation of the Debtor without violating either the policies of Chapter 11 or the Local Rules.

### Notice

12. Notice of this Motion has been served on (i) the Office of the United States Trustee for the District of Delaware; (ii) each of the Debtor's twenty largest unsecured creditors and/or their counsel; (iii) counsel for SCP Vitalife Partners II, L.P.; (iv) counsel for Silicon Valley Bank; (v) counsel for Safeguard Delaware, Inc.; (vi) the United States Department of Justice; (vii) the Internal Revenue Service, and (viii) the United States Environmental Protection Agency. Notice of the Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).

### Conclusion

**WHEREFORE**, the Debtor respectfully requests the entry of an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: December 28, 2010
Wilmington, Delaware

SULLIVAN • HAZELTINE • ALLINSON LLC

*/s/ William A. Hazeltine*
William A. Hazeltine (No. 3294)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: whazeltine@sha-llc.com

*Proposed Attorneys for the Debtor and Debtor-in-Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GARNET BIOTHERAPEUTICS, INC., | ) | Case No. 10-14165 (___) |
| | ) | |
| Debtor. | ) | **Related Docket No. _____** |

**ORDER GRANTING THE DEBTOR'S MOTION FOR ORDER AUTHORIZING THE DEBTOR TO (A) CONTINUE AND MAINTAIN CONSOLIDATED CASH MANAGEMENT SYSTEM AND EXISTING BANK ACCOUNTS AND (B) CONTINUE USE OF EXISTING BUSINESS FORMS**

Upon the Motion[1] of Garnet BioTherapeutics, Inc., as debtor and debtor- ins-possession (the "Debtor"), pursuant to Sections 105(a), 345 and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for an order authorizing the Debtor to continue and maintain its existing cash management system and existing bank accounts and continue using its existing business forms; and upon consideration of the Declaration of Geraldine A. Henwood in Support of First Day Pleadings; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] Unless it is plainly apparent from the context that another meaning is intended, all capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

2. The Debtor is hereby authorized to continue to use the Bank Account. The Bank Account and any other accounts of the Debtor shall be treated for all purposes as an account of the Debtor as debtor-in-possession.

3. The Debtor is hereby authorized to use, in their present form, existing Business Forms provided, however, that the Debtor shall add a "DIP" designation to its checks and other Business Forms when and if its currently-existing supply of checks and Business Forms is exhausted during the pendency of this Chapter 11 case.

4. The Debtor shall direct its bank, within fifteen (15) days from the date of entry of this Order, to internally code the Debtor's Bank Account as a "Debtor-In-Possession" account to ensure compliance with section 345 of the Bankruptcy Code, and the Debtor is also directed to provide any such correspondence and any response thereto to the U.S. Trustee.

5. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

6. Notwithstanding any applicability of Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7. This Court retains jurisdiction with respect to all matters arising from or related to implementation of this Order.

Dated: January __, 2010
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE